Filed 2/26/26  Turner v. Walmart CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| ALISA TURNER, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> WALMART, INC., <br><br> Defendant and Respondent. | B337896 <br><br> (Los Angeles County Super. Ct. No. 22AVCV00396) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge.  Reversed.

BD&J, Jennifer R. Bagosy, and Olivier A. Taillieu for Plaintiff and Appellant.

Sims, Lawrence & Broghammer, J. Fred Trudeau, and John T. Hill for Defendant and Respondent.

Alisa Turner (Turner) sued Walmart, Inc. (Walmart) after she fell at one of its stores and claimed to have injured her neck. Walmart requested she undergo an independent medical examination during discovery, but before the exam was conducted, Turner underwent elective surgery to her cervical spine. Walmart then moved for terminating sanctions on spoliation grounds, and the trial court granted the motion. We are asked to determine whether the trial court's decision to dismiss Turner's case for undergoing surgery before the scheduled medical exam was a proper exercise of its discretion.

## I. BACKGROUND

In May 2022, Turner sued Walmart for premises liability. In her form complaint, she alleged she slipped and fell at a Walmart Supercenter in Lancaster two months earlier as a result of the dangerous condition of the sales floor.

### A. *Walmart's First Motion for Terminating Sanctions*

Walmart answered the complaint by generally denying the allegations and asserting various affirmative defenses. Concurrent with its answer, Walmart served Turner with written discovery requests.[1]

Turner did not respond to the discovery requests and Walmart moved to compel responses. Turner did not file a

---

[1] Among other things, Walmart sought the identity of all heath care providers who treated Turner since her fall and for 10 years prior. Walmart also requested all documents relating or referring to any medical examination and/or treatment Turner received as a result of any injuries she sustained because of the fall.

written opposition to any of the motions to compel. The trial court granted the motions and directed Turner to serve verified responses within 10 days; in addition, the court, pursuant to the discovery statutes, imposed sanctions of $250 on Turner and her counsel.

Turner did not comply with the trial court's discovery order and Walmart then moved for terminating sanctions. Within days of that motion, however, Turner served her belated discovery responses and Walmart withdrew its motion. In her discovery responses, Turner advised that as a result of her slip and fall she suffered from the following injuries: "Head pain, neck pain, left shoulder [pain], left elbow [pain], left thigh pain, left knee pain, lower back pain, entire body numbness[,] and headaches."

After Turner served her discovery responses, the parties stipulated to vacate and reset the trial date and advised the trial court as follows: "It is anticipated that plaintiff will likely be seeking additional medical treatment related to the incident. As a result, the plaintiff may need to undergo an Independent Medical Examination. This is undetermined until plaintiff is deposed."

On May 16, 2023, Walmart deposed Turner. At her deposition, Turner testified she would be going forward with a recommended neck surgery "soon" to address her complaints of sharp pains in her neck. When asked what she meant by "soon," Turner testified she "assume[d]" the surgery would take place "[w]ithin . . . 30-45 days."

**B.      Walmart's Second Motion for Terminating Sanctions**

Some five weeks after her deposition (and her testimony that she would be undergoing neck surgery soon), Walmart

served Turner with a demand for an independent physical examination on June 26, 2023. The demand proposed an examination on August 4, 2023, by a specialist in orthopedic spine surgery.

Turner did not respond to the independent physical examination demand. On the afternoon of July 31, 2023, four days before the noticed examination, Walmart emailed Turner's counsel to confirm that the examination was going forward. That evening, Turner's counsel advised that the examination would need to be rescheduled without further elaboration.

The following day, Walmart objected to rescheduling the examination at such a late date with no explanation and advised that it would file a motion to compel seeking fees and costs if Turner did not appear at the noticed examination. Turner's counsel responded and explained his client could not attend the examination because she was having surgery on "August 3rd, [t]he day before the IME." The following day, Turner's counsel provided additional details: the surgery would be an "anterior cervical decompression and fusion from C3-C5" and would be performed on an out-patient basis. Turner's attorney also offered to make Turner available for an examination at a later date.

Two months later, on October 3, 2023, Walmart moved for terminating sanctions or, in the alternative, evidentiary or issue sanctions. Walmart argued terminating sanctions were warranted because of Turner's history of discovery abuse and her recent "nonemergent" decision to "alter[ ] and/or destroy[ ] the condition of her neck forever." Walmart's motion was not supported by any expert medical testimony (e.g., a declaration by an orthopedic surgeon, neurologist, or neurosurgeon). The only

4

supporting declaration was from Walmart's counsel, and the only attachments thereto were litigation-related documents.

Turner opposed the motion for sanctions. She argued in the main that there was no spoilation of evidence because she had a constitutionally protected right to receive reasonable medical treatment for chronic pain arising out of her fall at Walmart's store. Turner's opposition was supported by two attorney declarations with litigation-related attachments.

The trial court held a hearing on Walmart's request for sanctions in January 2024. After taking the matter under submission, the court later issued an order granting Walmart's motion for terminating sanctions and dismissing the action with prejudice. The court found Walmart made a prima facie case that Turner "destroyed evidence" that had a substantial probability to establish an element of its defense. Specifically, the court found Turner's surgery "prevented [Walmart] from being able to investigate [Turner's] claims" and "any evidence related to [Turner's] neck which could provide a defense has been altered . . . . permanently." In addition, the court found Turner did not present "any evidence that the surgery was necessary" or that the "procedure could not have waited for two days in order to conduct the physical examination."

## II. DISCUSSION

We hold granting terminating sanctions was an abuse of the trial court's discretion. Walmart did not submit any evidence that it had no means—other than the independent medical examination that did not go forward—to understand the condition of Turner's neck and any injury prior to her surgery. Instead, Walmart premised its motion solely on attorney

5

argument about the purported effects of Turner's surgery on its defense. That is too little to justify the outright dismissal of Turner's case. We shall therefore reverse and remand the cause for further proceedings.

The Legislature has authorized sanctions for "misuse" of the discovery process; such misuse includes "[f]ailing to respond or to submit to an authorized method of discovery." (Code Civ. Proc.,[2] § 2023.010, subd. (d).)

As our highest court has recognized, "[d]estroying evidence in response to a discovery request after litigation has commenced would surely be a misuse of discovery," as such conduct "can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action" and "increase[s] the costs of litigation as parties attempt to reconstruct the destroyed evidence or to develop other evidence, which may be less accessible, less persuasive, or both." (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 8, 12; accord, *Victor Valley Union High School Dist. v. Superior Court* (2023) 91 Cal.App.5th 1121, 1139 ["One serious form of discovery abuse is the spoliation of evidence, which is defined as the destruction or alteration of relevant evidence or the failure to preserve evidence for another party's use in pending or future litigation"].) "[A] party moving for discovery sanctions based on the spoliation of evidence must make an initial prima facie showing that the responding party in fact destroyed evidence that had a substantial probability of damaging the moving party's

---

[2] Undesignated statutory references that follow are to the Code of Civil Procedure.

ability to establish an essential element of his claim or defense." (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1227.)

Courts may impose a "broad range" of penalties for misuse of the discovery process, including monetary sanctions, issue sanctions, evidentiary sanctions, and "terminating sanctions." (*Cedars-Sinai, supra,* 18 Cal.4th at 12; see also § 2023.030, subds. (a)–(d).) Terminating sanctions include "dismissing the action" or any part thereof. (§ 2023.030, subd. (d)(3); *Cedars-Sinai, supra,* at 12.) "The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination. 'Discovery sanctions "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery."' [Citation.]" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992.)

Before imposing sanctions for discovery abuse, the trial court "should consider both the conduct being sanctioned and its effect on the party seeking discovery and, in choosing a sanction, should '"attempt [ ] to tailor the sanction to the harm caused by the withheld discovery."' [Citation.]" (*Doppes, supra,* 174 Cal.App.4th at 992; accord, *Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1246 [in addressing a motion for terminating sanctions, the trial court should review the totality of the circumstances, including "conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery"].)

"'A decision to order terminating sanctions should not be made lightly.'" (*Doppes, supra,* 174 Cal.App.4th at 992, fn.

omitted; accord, *Leavitt v. County of Madera* (2004) 123 Cal.App.4th 1502, 1524 [terminating sanctions are "severe and are to be used sparingly"].) "'But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' [Citation.]" (*Doppes*, *supra*, at 992, fn. omitted [terminating sanctions warranted where defendant lied during a hearing, violated four discovery orders, failed to be forthcoming in a deposition regarding the production of documents, and obstructed the production of documents]; see also *Atlas v. Davidyan* (2025) 113 Cal.App.5th 1086, 1096 [the question is not whether the trial court should have imposed a lesser sanction; the question is whether the court erred in imposing the sanction it chose].)

Our review of a trial court's sanctions decision is for abuse of discretion (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604), and we hold there was an abuse here because there was no proper evidentiary predicate for imposing the ultimate sanction. Walmart did not present the trial court with any *evidence* that Turner's surgery had a detrimental effect on its ability to establish an essential element of its defense—only unsupported attorney assertions. Walmart, for instance, did not establish there were no pre-surgical images or physician assessments on which it and its medical experts could reasonably rely to determine the nature and scope of Turner's condition before undergoing surgery. Nor did Walmart present any evidence, either in the form of medical records or expert opinion, of how the surgery would otherwise preclude it from contesting damages (and perhaps causation) in a

8

summary judgment proceeding or trial. Walmart also did not explain why it waited weeks to schedule the proposed independent examination after learning during Turner's deposition that she intended to undergo surgery within the next 30-45 days. Dismissing Turner's lawsuit under these circumstances was error. (See, e.g., *Victor Valley, supra,* 91 Cal.App.5th at 1159 ["Except for in cases of extreme misconduct and when other viable options are unavailable, a trial court abuses its discretion when a sanctions order deprives a party 'of any right to defend the action upon its merits' and was 'designed not to accomplish the purposes of discovery but designed to punish' the party for not fully complying with its discovery obligations"]; *New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1433-1434 [reversing terminating sanctions imposed for destroying video recordings even after reviewing the recordings and receiving a notice to produce them]; see also *Lopez, supra,* at 604 ["Although in extreme cases a court has the authority to order a terminating sanction as a first measure [citations], a terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective"].)

DISPOSITION

The judgment of dismissal is reversed and the cause is remanded for further proceedings consistent with this opinion. Turner is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

KIM (D.), J.